**In re Harry TUN, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 11–BG–777.**

District of Columbia Court of Appeals.

Decided Aug. 11, 2011.
As Amended Aug. 18, 2011.

---

Before FISHER and OBERLY, Associate Judges, and KERN, Senior Judge.

PER CURIAM:

Between 1999 and 2003, respondent Harry Tun, a member of the bar of this court, submitted vouchers to the Superior Court claiming payment for legal services rendered to indigent defendants. In each voucher, respondent wrote down the time he purported to have started and stopped working for a particular client for each day he claimed payment. A review of the vouchers revealed that respondent sought payment for the same time period for two or more clients (a practice known as "double billing") on 162 occasions. These errors were the result of respondent's "abysmal" record-keeping. Respondent cooperated fully with Bar Counsel in its investigation and ultimately repaid to the Superior Court $16,034, which represented the "time that Respondent had double billed minus a reasonable estimate [of the time] that he could have but failed to bill for other court-appointed matters."[1]

Respondent and Bar Counsel stipulated to the preceding facts in an amended petition for negotiated discipline and supporting amended affidavit, jointly filed on March 10, 2011.[2] The Board on Professional Responsibility referred the petition to Hearing Committee Number Six. A limited hearing was held, during which respondent reaffirmed his admission to all of the factual allegations in the petition; acknowledged that his actions violated the Rules of Professional Conduct; and stated that he understood the ramifications of the proposed sanction and had not been coerced, placed under duress, or promised anything that was not contained in the petition.[3] Thereafter, the Committee issued the report now before this court that recommends the negotiated sanction be imposed.[4]

We addressed the filing of false vouchers in *In re Cleaver–Bascombe*, 986 A.2d 1191 (D.C.2010), disbarring a respondent who not only submitted a "patently false" voucher, but also "compounded ... her initial fraud by testifying falsely during the resulting disciplinary proceedings" and refusing to acknowledge that her voucher was fraudulent. *Id.* at 1199, 1200. In an earlier opinion on the matter, we were careful to distinguish such behavior from

---

1. In total, respondent violated the following provisions of the District of Columbia Rules of Professional Conduct: Rule 1.5(a) & (f), by charging a fee that was prohibited by law and therefore *per se* unreasonable; Rule 3.3(a)(1), by making a false statement of material fact or law to a tribunal; Rule 8.4(c), by engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation; and Rule 8.4(d), by engaging in conduct that seriously interfered with the administration of justice.

2. *See* D.C. Bar R. XI, § 12.1(b); Bd. Prof. Resp. R. 17.3. The parties had filed an earlier petition for negotiated discipline, No. 09–BG–804, that was rejected by this court after the Board on Professional Responsibility recommended rejecting the petition. The Board considered the earlier petition, which would have resulted in respondent's being suspended for nine months, *inter alia*, an inadequate reflection of "the number of violations" and "the extended time period during which [the violations] took place." The current petition addresses these concerns, adopting the Board's recommended sanction in its entirety.

3. D.C. Bar R. XI, § 12.1(c); Bd. Prof. Resp. R. 17.5.

4. Bd. Prof. Resp. R. 17.6.

the type displayed by respondent here: "If the gravamen of Respondent's violation is that she was recklessly sloppy in her timekeeping practices, and if there has been no proof of intent to defraud or of subsequent perjury, a recommendation that a relatively short suspension be imposed ... may arguably be defensible." *In re Cleaver-Bascombe*, 892 A.2d 396, 411–12 (D.C. 2006).

Having reviewed the report in accordance with our procedures in uncontested discipline cases,[5] we hereby accept the Committee's Report and Recommendation approving the petition for negotiated discipline. The Committee reviewed the circumstances of the disciplinary events, weighed the mitigating circumstances, and found that the negotiated discipline falls within the range of discipline imposed for similar actions. Accordingly, it is

ORDERED that Harry Tun is suspended from the practice of law in the District of Columbia for the period of eighteen months with six months of the suspension stayed, followed by one year of probation on the conditions agreed to by the parties. See D.C. Bar R. XI, § 14(f). Should respondent's probation be revoked, the six-month stay shall be lifted and reinstatement conditioned on a showing of fitness to practice law.

*So ordered.*